OPINION
{¶ 1} Noel Mangan appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which granted a domestic violence civil protection order ("CPO") to his former wife, Kendra Smith.
 {¶ 2} On April 21, 2005, Smith filed a petition for a CPO in which she alleged that Mangan had engaged in several separate acts of domestic violence in the prior six months. Both parties presented evidence regarding these allegations at a hearing before a magistrate on May 5, 2005. Following the hearing, the magistrate granted the petition. Mangan filed objections to the magistrate's decision, but the trial court overruled the objections on January 6, 2006.
 {¶ 3} Mangan raises one assignment of error on appeal, in which he argues that the trial court erred in granting the CPO. Specifically, he claims that none of the behavior complained of in Smith's petition amounted to domestic violence, as that term is defined in R.C.3113.31(A)(1). For the reasons that follow, we agree with Mangan's argument.
 {¶ 4} Smith, who acted pro se at the hearing, presented evidence regarding four separate incidents. First, in November 2004, she spotted Mangan's car in her neighborhood. At one point, Magnan got out of the car and appeared to be examining his tire for damage. Smith, who was also in her car, took action to avoid driving past Mangan's car. According to Mangan and a friend who was in the car with him at the time of this incident, they had been in the neighborhood getting gas when a sanitation worker told them of some "good stuff" in a trash pile nearby, such as unopened antifreeze, which Mangan could use in his business. Thus, they had looped back through the neighborhood to check out the trash pile. They had seen Smith, but did not pursue her.
 {¶ 5} The second and third incidents occurred when Mangan, Smith, and Smith's boyfriend encountered one another at local bars. According to Smith, Mangan "cussed" at her while she was talking with one of his former girlfriends, saying "I'm glad you fucking bitches got to kiss and meet." On another occasion, Mangan allegedly stared at Smith while she was with a group of friends, but no words were exchanged.
 {¶ 6} Smith's boyfriend testified about another incident in which he saw a black truck drive through Smith's front yard, but he had not seen the driver and could not say definitively that the truck had been Mangan's.
 {¶ 7} Smith sought a CPO pursuant to R.C. 3113.31(C)(1) on the basis that Mangan had engaged in domestic violence against her. Domestic violence is defined in that statute as the occurrence of one or more of the following acts against a family or household member:
 {¶ 8} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 9} "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *;
 {¶ 10} "(c) Committing any act with respect to a child that would result in the child being an abused child * * *." R.C. 3113.31(A)(1).
 {¶ 11} Our review of the record compels the conclusion that Mangan did not commit domestic violence as defined in R.C. 3113.31(A)(1), and therefore that Smith was not entitled to a CPO. No child was involved, and Smith offered no evidence that Mangan had recklessly caused or attempted to cause bodily injury to her or to anyone else. Thus, neither R.C. 3113.31(A)(1)(a) nor (A)(1)(c) was satisfied.
 {¶ 12} The trial court apparently relied on R.C. 3113.31(A)(1)(b). The court stated: "The tempestuous history between the parties proves it is reasonable to conclude Petitioner would fear that any contact with the Respondent could result in physical danger." The fact that Smith may have been in fear of Mangan, however, was not enough to warrant a CPO. The statute requires fear that arises from a threat of force and causes a fear of imminent serious physical harm. Smith offered no evidence that Mangan had threatened her in any way, including through the use of force. Moreover, although Smith may have been afraid of Mangan, she did not testify to a fear of "imminent serious physical harm" or the like. In our view, it would stretch the evidence to conclude that such a high degree of fear could have been justified by the conduct in question, even taking into account, as the trial court did, the parties' apparent history of violence.
 {¶ 13} The assignment of error is sustained.
 {¶ 14} The civil protection order will be vacated.
BROGAN, J. and DONOVAN, J., concur.